■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK LUGO, Appellant. [608 NYS2d 632] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered June 26, 1991, convicting defendant, after a jury trial, of attempted

murder in the second degree, two counts of robbery in the first degree, assault in the first degree, and criminal use of a firearm in the first degree, and sentencing him to concurrent terms of 8⅓ to 25 years on each of the attempted murder, robbery and criminal use of a firearm counts and 5 to 15 years on the assault count, unanimously affirmed.

The trial court's instruction that the jury was to consider the "totality of evidence" in rendering its verdict did not amount to an instruction that the jury could consider evidence bearing solely on codefendant's guilt. Indeed, on more than one occasion, the court charged the jury that it had to reach separate verdicts as to each defendant and that the evidence was to be considered separately as to each. While the instruction to follow a two-step process, requiring the jury to consider the statements made by defendant to the police only in regard to defendant and also permitting them to consider defendant's statements in conjunction with evidence relevant to whether defendant and his codefendant acted in concert, could have been clearer, the charge, when viewed as a whole, nevertheless adequately conveyed the proper principles to be followed (*People v Coleman,* 70 NY2d 817; *People v Culhane,* 45 NY2d 757, *cert denied* 439 US 1047).

Nor is there merit to defendant's claim that the court prevented him from establishing his defense. While cross-examination on an unrelated pending criminal charge is generally impermissible, "[t]his rule will not * * * preclude prosecutors from inquiry into pending criminal charges if a defendant, in taking the stand, makes assertions that open the door and render those charges relevant for contradiction and response." (*People v Betts,* 70 NY2d 289, 295.) Here, defendant testified that he did not tell the police that he saw his former friend in the victim's apartment building on the night of the shootings because it was not considered acceptable behavior to implicate neighborhood people in crimes. If this did not suggest that defendant would have been subjected to some sort of reprisal had he implicated his former friend, then certainly, when defense counsel then sought to elicit that defendant's silence was also due to his fear that his former friend carried a gun, the court properly ruled that such proposed testimony would open the door to cross-examination that defendant allegedly carried a gun and allegedly committed a homicide with his former friend, since such tended to cast doubt on defendant's assertion of fear (*see, People v Gay,* 197 AD2d 471; *People v Klos,* 190 AD2d 754, *lv denied* 81 NY2d 972). The

court's ruling with respect to cross-examination of the victim was proper for the same reason.

Defendant's claim that the court improperly precluded his girlfriend from testifying that he told her the day before he went to the victim's apartment that he intended to see the victim's husband and pay him some money is not preserved as a matter of law and we decline to review it in the interest of justice. If we were to review it, we would find no evidence from which it could be determined that defendant made a "firm or tentative plan" to consummate the meeting, and thus "no way to measure the seriousness of [his] intent" in that regard *(People v Chambers,* 125 AD2d 88, 95, *appeal dismissed* 70 NY2d 694).

Defendant's claim that the prosecutor's comments during trial and summation deprived him of a fair trial is largely unpreserved for appellate review as a matter of law, and in any event without merit, the majority of the challenged comments having been responsive to defense counsel's cross-examination and summation, and on the few occasions where the prosecutor arguably overstepped proper bounds, the court provided prompt curative instructions to ameliorate any prejudice that might have resulted. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.