■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND VEGA, Appellant. [626 NYS2d 771] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered June 3, 1993, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him to a term of 4 to 12 years, unanimously affirmed.

According great deference to the factfinder's opportunity to view the witnesses, hear the testimony and observe demeanor *(People v Bleakley,* 69 NY2d 490, 495), we find that the verdict is not against the weight of the evidence. The complainant testified unequivocally that defendant was the man who robbed him at gun point. Defendant stood close to complainant during the robbery that took several minutes and was committed in a well-lit bodega. The complainant was able to describe defendant's getaway vehicle and give police a partial license plate number. The vehicle, with defendant in the driver's seat, was stopped shortly thereafter near the scene of the robbery.

The People were not obligated to present to the Grand Jury

testimony of a fellow worker who was unable to identify defendant following the robbery, especially where the defense was aware of his negative identification, did not request his presence, the People tried to locate him and subpoenaed him, but he failed to appear *(see, People v Lancaster,* 69 NY2d 20, 25-26, citing *People v Isla,* 96 AD2d 789).

Defendant failed to raise either of his claims of error in the jury charge below and they are not preserved for appellate review (CPL 470.05 [2]; *People v Haskins,* 201 AD2d 322, *lv denied* 83 NY2d 853; *People v Uraca,* 195 AD2d 377, *lv denied* 82 NY2d 728), and we decline to reach them in the interest of justice. Were we to review we would find that the charge, viewed as a whole, properly informed the jury of the correct rule to apply in arriving at its verdict *(People v Canty,* 60 NY2d 830, 831-832).

Finally, defendant's request for a missing witness charge, made after both sides had presented their evidence and had rested, was untimely *(People v Kaplan,* 199 AD2d 82). In addition, defendant failed to establish that the witness was available to the People and, indeed, conceded that the witness was unavailable *(People v Gonzalez,* 68 NY2d 424, 427). Concur—Murphy, P. J., Rubin, Ross, Williams and Tom, JJ.