■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MARTINEZ, Appellant. [648 NYS2d 540] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J., at suppression hearing; John Stackhouse, J., at trial and sentence), rendered May 31, 1994, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of $3^1/_2$ to 7 years and 1 year, respectively, unanimously affirmed.

Defendant's right to present a defense was not improperly impeded by the court's ruling permitting the People to introduce evidence of defendant's prior assault convictions

from 1982 and 1983 in the event defendant introduced evidence of his victimization during a 1991 assault, as proof of his state of mind during the instant incident, which occurred in 1992. While defendant's proffered evidence may have been admissible in support of his justification defense to explain why he resorted to the use of a weapon (*see, People v Goetz*, 68 NY2d 96, 113), it was also inconsistent with his history of prior assaults with a knife similar to that alleged here (*see, People v Fardan*, 82 NY2d 638, 646). Thus, the court's determination that the testimony sought to be introduced by defendant would "open the door" to evidence of his prior convictions was proper (*see, supra*; *People v Woods*, 165 AD2d 798, 800, *lv denied* 77 NY2d 883), and his decision to forgo such testimony in support of his defense was not illegally coerced.

We perceive no abuse of discretion in sentencing. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.