■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN NAZARIO, Appellant. [679 NYS2d 367] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered July 10, 1997, convicting defendant, after a jury trial, of rape in the first and second degrees, attempted rape in the first and second degrees, sexual abuse in the first and second degrees

(two counts each), and endangering the welfare of a child, and sentencing him to concurrent terms of 6 to 12 years, $2^{1/3}$ to 7 years, 6 to 12 years, $1^{1/3}$ to 4 years, $3^{1/2}$ to 7 years, $3^{1/2}$ to 7 years, 1 year, 1 year, and 1 year, unanimously affirmed.

The verdict was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). We find no basis to disturb the jury's findings as to credibility.

Defendant was not denied his right to be present at any material stage of the trial. Since the robing room conferences in question involved purely legal issues relating to defendant's testimony, his presence was not required (*People v Rodriguez*, 85 NY2d 586, 591).

Defendant's current claim that the court improperly questioned a medical expert called by the defense is unpreserved and we decline to review the claim in the interest of justice. Were we to review it, we would find that the court appropriately exercised its discretion to insure clarity rather than obscurity in the development of proof and to fulfill its obligation to ensure the proper conduct of the case (*People v Moulton*, 43 NY2d 944).

Defendant did not preserve his current claims of error regarding the prosecutor's cross-examination of defendant and the medical expert called by defendant (*see*, *People v Medina*, 53 NY2d 951, 952), and we decline to review them in the interest of justice. Were we to review these claims, we would find no error.

By failing to object, or by entering only a general objection, defendant failed to preserve his current claims of error regarding various comments by the prosecutor during summation and we decline to review them in the interest of justice. Were we to review them, we would find that the remarks, in context, constituted acceptable comment on the evidence (*see*, *People v D'Alessandro*, 184 AD2d 114, 119, *lv denied* 81 NY2d 884).

The court properly denied defendant's request for a missing witness charge. The request, made after both sides had rested, was untimely (*People v Vega*, 215 AD2d 206, *lv denied* 86 NY2d 742). Further, defendant did not make the required showing that the witness was available to the People or would be expected to testify favorably for them (*People v Parks*, 237 AD2d 105, *lv denied* 90 NY2d 862).

The court's charge to the jury regarding the definition of sexual intercourse clearly was designed to assist the jury in assessing the medical evidence presented, and served to clarify the statutory definition without changing its essence. There is

no error "in permitting guilt to be determined under a penal statute as construed by the common assumption of both attorneys and the court", and defendant's due process rights were not violated where the evidence indicates that a rational trier of fact could find that the essential elements of the relevant crimes, as charged to the jury, were proven beyond a reasonable doubt (*People v Dekle*, 56 NY2d 835, 837).

We perceive no abuse of discretion in sentencing. Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.