■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JOHNSON, Appellant. [692 NYS2d 364] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered February 14, 1996, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life and 3½ to 7 years, respectively, unanimously affirmed.

The evidence presented against defendant was overwhelming and the credibility determinations of the jury in connection with defendant's claim of self-defense are supported by the record.

The court's *Sandoval* ruling permitting limited questioning in connection with three of four prior felony convictions, with additional limited questioning if and when defendant's own testimony opened the door thereto, was an appropriate exercise of discretion, balancing the probative value of evidence of defendant's prior convictions against the risk of undue prejudice (*see, People v Sandoval*, 34 NY2d 371, 375). Defendant's specialization in assault did not preclude the prosecutor from eliciting the nature of defendant's prior convictions (*see, People v Couvertier*, 222 AD2d 239, *lv denied* 87 NY2d 971), and the prosecutor complied with the court's initial ruling precluding admission of any underlying facts unless and until defendant opened the door by placing the issues of his motive and intent into dispute (*see, People v Martinez*, 232 AD2d 230, *lv denied* 89 NY2d 926; *People v Lugo*, 202 AD2d 248).

Defendant's request for a missing witness charge, made after the close of evidence, was untimely (*People v Nazario*, 254 AD2d 10, *lv denied* 92 NY2d 1052), and was properly denied.

We perceive no abuse of discretion in sentencing.

We have considered and rejected defendant's additional claims of error. Concur—Ellerin, P. J., Mazzarelli, Rubin, Andrias and Buckley, JJ.