■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Berkowitz, J.), rendered July 6, 1983, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as one of the robbers. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the complainant and an eyewitness viewed the defendant just prior to and near the scene of the robbery, the complainant viewed his face as he fled from the scene and both the complainant and the eyewitnesses pointed him out to the police as he stood on a nearby street corner approximately 10 minutes after the crime. Moreover, the defendant was found in possession of a series of new $20 bills, much like the cash received by the complainant when he cashed his paycheck just before being robbed.

We agree with the defendant's contention that the portions of the charge in which the court equated proof beyond a reasonable doubt with proof to a "moral certainty", and told the jury that they must acquit if the "scales are even" were erroneous (see, People v Hewlett, 133 AD2d 417; People v La Rosa, 112 AD2d 954; People v Dee, 106 AD2d 582). However, no exception was taken to the charge and, when taken as a whole, the charge properly defined the concept of reasonable doubt. Thus, the error does not warrant reversal in the interest of justice (see, People v Patterson, 76 AD2d 891; People v Turrell, 66 AD2d 862, affd 50 NY2d 400).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.