■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LEWIS, Appellant.—Judgment, Supreme Court, New York County (Michael Dontzin, J.), rendered April 7, 1983, which convicted defendant, after jury trial, of one count each of robbery in the first and second degrees under indictment No. 2481/82 and three counts of robbery in the first degree, two counts of robbery in the second degree and two counts of burglary in the first degree under indictment No. 5603/82 and also convicted defendant, upon his plea of guilty, of one count of robbery in the first degree in full satisfaction of indictment No. 4871/82 and one count of robbery in the first degree in full satisfaction of indictment No. 4869/82, and which sentenced him to 12-to-24-year prison terms on the first degree robbery counts, concurrent with each other and concurrent with lesser prison terms imposed on the other counts, unanimously affirmed.

Defendant's claims with regard to the identification testimony are without merit. There is no right to counsel at a prearraignment lineup *(People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846) and there is no showing on this record that the police unnecessarily delayed his arraignment *(see,* CPL 140.20 [1]). Furthermore, at the later July 15, 1982 lineup, defendant was adequately represented by counsel, whose sole role was limited to observing whether the procedure was suggestive. *(People v Yut Wai Tom,* 53 NY2d 44, 52.) In addition, the trial court properly permitted defendant's four victims to identify him in court since there was clear and convincing evidence of an independent source for their identification. Finally, as part of the plea bargain as to the Savage and Anderson robberies, defendant expressly agreed, after consulting with his attorney, to withdraw any preplea motions and waive appellate review of said issue. Accordingly, the

identification claims as to these robberies are waived as a matter of law. *(People v Seaberg,* 74 NY2d 1.)

Defendant's claim that the trial court erred in denying his untimely motion to dismiss the indictment on the ground that he was not afforded an opportunity to testify before the Grand Jury lacks any factual basis in the record and is without merit.

Defendant's challenge to the testimony regarding a bag of jewelry found in defendant's automobile and the introduction into evidence of the bag is similarly without merit. The evidence was offered not as direct evidence of defendant's guilt of the crimes charged, but only to rebut defendant's insinuation of police impropriety in placing the bag there to frame him, and only after defendant opened the door to the issue. In that light, the court cannot be said to have abused its discretion *(see,* CPL 260.30 [7]; *People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047). Furthermore, the court gave the jury appropriate limiting instructions.

Defendant's various challenges to the prosecutor's comments in the summation are unpreserved as a matter of law and do not warrant review in the interests of justice.

Similarly, defendant's challenges to the court's charge are unpreserved since at trial he did not make specific objections to those portions of the charge, and these claims do not warrant review in the interests of justice. While in the past we have repeated the admonition that it is undesirable to use the phrase "the scales weigh even" in the reasonable doubt charge in a criminal case *(see, e.g., People v Cohen,* 61 AD2d 929), even if the statement is formally correct *(see, People v Fox,* 72 AD2d 146, 147), here, nonetheless, the charge as a whole conveyed the proper standard of proof. Concur—Sullivan, J. P., Ross, Carro, Milonas and Ellerin, JJ.