■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE GRIER, Appellant.—Judgment, Supreme Court, New York County (Frank Blangiardo, J.), rendered March 11, 1985, convicting defendant, upon a jury verdict, of two counts of robbery in the second degree and sentencing him to concurrent terms of imprisonment of from 3 to 9 years, unanimously affirmed.

Evidence of uncharged crimes is admissible where it is inextricably interwoven with the other evidence, i.e., " 'explanatory of the acts done or words used in the otherwise admissible part of the evidence' ". *(People v Crandall,* 67 NY2d 111, 116, quoting *People v Ventimiglia,* 52 NY2d 350, 361.)* The evidence of defendant's cocaine use during the course of the instant robbery helped explain why defendant would behave violently and in apparent disregard of the likelihood that he would ultimately be arrested. Thus, since the credibility of the witnesses was at issue, his use of cocaine as the incident progressed lent support to the witnesses' description of his behavior, which might otherwise not have been believed.

There is, however, no similar rationale for the admission in evidence of the testimony that defendant sexually abused one of the victims of the robbery. Contrary to the prosecution's argument, it is clear that this evidence was not relevant to show identity since defendant's presence in the apartment was conceded in defense counsel's opening. Defense counsel, however, did not object to this testimony and, in the circumstances of the case, its impact was not sufficiently prejudicial to warrant review in the interest of justice.

Defendant also argues that he was impermissibly curtailed in his cross-examination of Andrea True by the court's refusal to allow him to question her about her employment history in the pornography industry. The scope of cross-examination is generally a matter left to the discretion of the Trial Judge. *(People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846.)* While a witness may be cross-examined concerning any immoral, vicious, or criminal act which has a bearing on his

credibility *(supra)*, here the trial court found that the evidence proffered by the defense was insufficient to establish such immorality, and we see no reason to disturb that finding. Moreover, much of the questioning was an attempt to establish a foundation for the admission of evidence to impeach the witness's testimony as to her employment history and, specifically, the nature of her literary efforts, which she stated were not "suggestive". The court properly refused to allow counsel to continue a line of questioning leading to the admission into evidence of extrinsic evidence offered solely to impeach the witness on a collateral matter. *(See, People v Beavers,* 127 AD2d 138.)

Defendant argues that the prosecutor's summation was improper, but this claim was not preserved for review. Moreover, the record shows that most of the comments complained of were responsive to defense counsel's vigorous attacks on the prosecution witnesses' credibility. In view of the overwhelming evidence of guilt, were we, in the interest of justice, to review defendant's claim that the cumulative impact of these errors mandates reversal, we would reject the claim. Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.