■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAIK KWUNG, Appellant.—Judgment, Supreme Court, New York County (Haft, J., at trial and sentence), rendered June 28, 1990, which convicted defendant, after a jury trial, of grand larceny in the second degree (two counts), attempted grand larceny in the second degree (two counts), conspiracy in the fourth degree and petit larceny and sentenced him as a second felony offender, to concurrent indeterminate prison terms of 3½ to 7 years on each of the grand larceny counts, 2½ to 5 years on each of the attempted grand larceny counts, 2 to 4 years on the conspiracy count, and a definite one-year term for the petit larceny charge, unanimously affirmed.

During the charge to the jury, the trial court stated that "if there are two inferences of equal weight which could reasonably be drawn from the same evidence, one of those inferences consistent with guilt, you must give the defendant the inference consistent with the lack of guilt." The defendant argues that this charge denied him of a fair trial because it implied to the jury the wrong standard of proof. However, since the defendant failed to raise any specific objection at trial, the issue is unpreserved for appellate review (*People v Dekle,* 56 NY2d 835).

If we were to consider the defendant's argument in the interest of justice, we would nonetheless affirm. After giving the challenged "two-inference charge", the trial court repeatedly recited the proper standard of guilt. Accordingly, the charge as a whole conveyed the proper standard of guilt (*People v Cruz,* 172 AD2d 383, *lv denied* 78 NY2d 964; *People v Lewis,* 161 AD2d 117, *lv denied* 76 NY2d 791). Concur—Sullivan, J. P., Carro, Asch and Rubin, JJ.