OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 There is support in the record for the undisturbed finding of the trial court that defendant was not in custody and thus was not entitled to
 
 Miranda
 
 warnings at any point before he indicated his desire to tell the police what really had happened on the morning his parents were bludgeoned and stabbed to death. Similarly, the record supports the undisturbed finding that defendant’s statements were voluntarily given and that his will had not been overborne by any actions taken by the police. We cannot say as a matter of law that "the deception was so fundamentally unfair as to deny due process”
 
 (People v Tarsia,
 
 50 NY2d 1, 11). Moreover, there was no "promise or threat * * * that could induce a false confession”
 
 (id.; cf., People v Leyra,
 
 302 NY 353). Accordingly, in view of our limited power to review mixed questions of law and fact
 
 (see, People v Harrison,
 
 57 NY2d 470, 477), there is no basis for us to overturn the lower court’s decision not to suppress defendant’s confession
 
 (see, People v Centano,
 
 76 NY2d 837;
 
 see also, People v Williams,
 
 62 NY2d 285, 289 [voluntariness is determined from the "totality of circumstances”]).
 

 We also reject defendant’s contention that his conviction should be reversed because of the prosecutor’s summation comments about his failure to call several significant witnesses in support of his defensive claim that his relationship with his parents was good and that he therefore had no motive to murder them. Since the defense had elected to come forward with evidence, the comments did not constitute an impermissible effort to shift the burden of proof
 
 (see, People v Rodriguez,
 
 38 NY2d 95, 98). Additionally, contrary to defendant’s argument, in these circumstances the People were not obliged to satisfy the burden imposed in
 
 People v Gonzalez
 
 (68 NY2d 424) for establishing entitlement to a formal "missing witness” charge to be administered by the court. Since the disputed comments were not made in bad faith and were merely efforts to persuade the jury to draw inferences that supported the People’s position, they were not improper even though there may have been some question as to whether all
 
 *995
 
 of the uncalled witnesses were within defendant’s "control”
 
 (cf., People v De Jesus,
 
 42 NY2d 519). We note that there was no doubt that the witnesses in question, who included defendant’s sister and brother-in-law and other relatives with personal knowledge of defendant’s family, were available and had material, noncumulative information about the case
 
 (see, People v Rodriguez, supra).
 
 We also note that defense counsel was not deprived of an opportunity to make his own summation comments on the subject.
 

 We have examined defendant’s remaining contentions and find them to be either meritless or unpreserved.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.