■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MILLER, Appellant. [624 NYS2d 27] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered February 9, 1993, convicting defendant, after a jury trial, of burglary in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 1 year, respectively, unanimously affirmed.

The trial court properly denied defendant's request for permission to comment on the People's failure to call a witness to the crime since it was made after both sides had rested and was, therefore, untimely *(People v Alamo, 202 AD2d 349, lv denied 84 NY2d 822; People v Kaplan, 199 AD2d 82)*. Defendant failed to establish that the witness was available and that his testimony would have been material and noncumulative, thus, the court properly precluded defense counsel from such comment *(People v Henry, 197 AD2d 383, lv denied 83 NY2d 853)*.

Since defense counsel did not object to the charge provided, defendant's current objection has not been preserved for this Court's review *(People v DeMatteis, 186 AD2d 460, 461, lv denied 81 NY2d 969; People v Taik Kwung, 186 AD2d 365, lv denied 81 NY2d 766)*. Were we to consider the argument in the interest of justice, we would nonetheless affirm since despite its instruction on the "two-inference charge", the court repeatedly instructed the jury on the proper standard of proof *(supra)*. Concur—Sullivan, J. P., Wallach, Asch, Nardelli and Williams, JJ.