■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO RIOS, Appellant. [636 NYS2d 753] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered July 28, 1993, convicting defendant, after jury trial, of criminal sale and possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of from 6 to 12 years, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

On the afternoon of August 22, 1992, defendant was observed by anti-crime officers to engage in an apparent drug transaction, handing money to a woman, later identified as Constance Gregorie, in exchange for glassine envelopes which, upon analysis, were found to average approximately one-half grain of heroin in content. Defendant and Gregorie were immediately seized by the officers and were still holding on to the contraband. According to the testimony of one of the arresting officers before the Grand Jury and at a *Mapp* hearing, defendant was holding $30 in his hand and had 10 glassine envelopes in his pocket, while Gregorie was holding eight glassine envelopes in her hand. At trial, the officer's testimony that he had recovered $90 from defendant was impeached with his prior statements, and he conceded that the purchase of eight glassine envelopes of heroin for $30 is considerably less than the going rate of $10 each.

Defense counsel was precluded from inquiring whether the on-line booking sheets reflected if defendant had been charged with sale of a controlled substance immediately following his arrest. He was further precluded, without explanation from the court, from asking whether any money had been recovered from Constance Gregorie; whether she had been transported

together with defendant to the 48th Precinct; whether Gregorie had told the officer that her husband would kill her because he was a "cop"; or whether anyone else had arrived at the scene after her arrest. In colloquy, defense counsel made it clear that he was attempting to show that the officer had a motive to fabricate testimony for the purpose of giving Gregorie a break at defendant's expense because of her relationship to a police officer. Counsel cited the cases of *People v Hudy* (73 NY2d 40) and *People v Ashner* (190 AD2d 238) in support of his position that his client's right to confront his accusers limits the court's discretion to circumscribe inquiry and that, where the facts suggest a reason to fabricate, the question is one for the jury to decide. The court, however, adhered to its ruling.

On summation, the prosecutor's objection to defense counsel's argument that the People had failed to call the most important witness was sustained. When, in the course of her summation, the prosecutor stated that defendant should have called Gregorie as a witness if it deemed her testimony to be significant, the court refused defense counsel's request that the jury be instructed that no negative inference may be drawn from a defendant's failure to call a witness.

Defendant was prevented from presenting the defense that he, and not Gregorie, was the purchaser of the heroin. The amount of money in Gregorie's possession at the time of her apprehension is highly pertinent to her role in the transaction and potentially exculpatory. It was error to preclude inquiry both on this point and on the matter of her husband's presence at the scene of the arrest. Neither the fact of her husband's conversation with the arresting officers' nor its substance constitutes inadmissible hearsay because it was offered not for its truth but to establish their belief that he was a fellow officer and, thus, to demonstrate a motive to fabricate. While there is some reference in the briefs to an agreement, reached at the *Mapp* hearing, not to use Gregorie's statement at trial (which is not reflected in the record), there is no requirement that the defense give notice of statements it intends to use on cross examination (CPL 240.30), and any such agreement would not preclude the use of the statement once its critical relevance became apparent.

The motive to lie about the very facts surrounding the crime charged is never collateral. As the Court of Appeals stated in *People v Hudy* (*supra*, at 56-57), "It is well established that the trial courts have broad discretion to keep the proceedings within manageable limits and to curtail exploration of collateral matters * * * However, extrinsic proof tending to estab-

lish a reason to fabricate is never collateral and may not be excluded on that ground * * * Further, the trial court's discretion in this area is circumscribed by the defendant's constitutional rights to present a defense and confront his accusers". "Where the right to cross-examine has been significantly curtailed, reversal will be required even without a showing of specific prejudice" (*People v Carter*, 86 AD2d 451, 458; *see also*, *People v Ashner*, 190 AD2d 238, 246, *supra* [error in precluding cross-examination must be "harmless beyond a reasonable doubt"]).

Cross-examination is highly relevant when the influence of other police on the investigation or on other witnesses is in question or presents a motive to fabricate (*People v Hudy*, *supra*, at 56-57; *People v Garriga*, 189 AD2d 236, 242, *lv denied* 82 NY2d 718); where events related to the crime may evidence a police motive to fabricate (*People v Gaskin*, 170 AD2d 458, 458-459); or where a witness may be shifting the blame for a crime onto the defendant and have a motive to fabricate (*People v Ashner*, *supra*, at 246-247). Here, particularly where defendant was holding insufficient money for the amount of narcotics purchased, the defense should have been permitted to elicit evidence necessary to support its contention that, based on Gregorie's statement as well as her husband's conversation, the police had a motive to lie about the respective roles of defendant and Gregorie and to shift the blame for the sale to him.

Likewise, the defense should have been permitted to comment, on summation, that the People failed to call Gregorie—a material witness who could have provided noncumulative testimony—even if the requirements for a missing witness charge were not extant (*People v Tankleff*, 84 NY2d 992, 994-995; *People v Walker*, 119 AD2d 521, 522). The error was compounded when, in response to the prosecutor's statement that the defense should have called Constance Gregorie, the court declined to instruct the jury that no negative inference may be drawn from the failure to present testimony or introduce evidence. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.