■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK WILTSHIRE, Appellant. [639 NYS2d 726]

The defendant failed to preserve for appellate review his objections to the court's charge to the jury (*see,* CPL 470.05 [2]). In any event, contrary to the defendant's contention, the court's charge to the jury was adequate because the charge as a whole properly defined the concept of reasonable doubt (*see, People v Canty,* 60 NY2d 830; *People v Taik Kwung,* 186 AD2d 365; *People v Jones,* 156 AD2d 718). In addition, "although it was unnecessary for the trial court to elaborate upon the simple language of CPL 300.10 (2) with respect to the defendant's failure to testify, the defendant was not deprived of a fair trial by the court's charge" (*People v Williams,* 188 AD2d 573, 574). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL W. WARREN, on Behalf of SHAIRON CORNELIA, Petitioner, v MICHAEL P. JACOBSON, as Corrections Commissioner, et al., Respondents. [639 NYS2d 727]

The determination of the Supreme Court, Kings County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Kruger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Thompson, J. P., Sullivan, Pizzuto and McGinity, JJ., concur.