■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD PARKS, Appellant. [654 NYS2d 365] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered January 18, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of 4¹/₂ to 9 years and otherwise affirmed.

Defendant did not provide an adequate record (see, People v Maher, 89 NY2d 318) demonstrating that he was absent from, or unable to hear and observe, the sidebar now challenged on appeal (see, People v Cuevas, 203 AD2d 88, 89). In any event, defendant was not entitled to be present at this brief exchange which constituted, at most, a preliminary screening not rising to the level of an Antommarchi inquiry (see, People v Camacho, 230 AD2d 604, lv granted 89 NY2d 863; compare, People v Maher, supra).

Defendant failed to preserve his present challenge to the court's jury charge on the issue of reasonable doubt, and we decline to review it in the interest of justice. Were we to review it, we would find that the charge, read as a whole, conveyed the correct standard (see, People v Canty, 60 NY2d 830, 831-832).

Defendant was properly precluded from commenting on the People's failure to call as a witness the buyer in the drug sale at issue, as defendant first raised the matter after both sides had rested (see, People v Miller, 213 AD2d 271, lv denied 86 NY2d 844), and since defendant did not make any showing that the witness was available to the People or that he could be expected to testify favorably for them (see, People v Tankleff, 84 NY2d 992, 995; People v Ramirez, 221 AD2d 178, 179, lv denied 87 NY2d 1023).

Defendant's general objection did not preserve his argument that the arresting police officer's testimony regarding the general practices of the drug trade deprived him of a fair trial (People v Tevaha, 84 NY2d 879, 881). Were we to review this claim in the interest of justice, we would find that the testimony was appropriate to explain why drugs and money were not found on defendant when he was arrested (see, People v Kelsey, 194 AD2d 248, 252).

We find the sentence excessive to the extent indicated. Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.