■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON WOOD, Appellant. [666 NYS2d 599] —Judgment, Supreme Court, New York County (Jay Gold, J.), rendered March 16,

1995, convicting defendant, after a jury trial, of robbery in the third degree and unauthorized use of a vehicle in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 3 to 6 years and 1 year, respectively, unanimously affirmed.

The court's receipt of testimony concerning defendant's drug addiction and an uncharged incident of harassment, followed by a limiting instruction, was a proper exercise of discretion, under the unusual circumstances presented, where the complainant was the mother of defendant. The evidence was introduced not to establish criminal propensity but rather to establish defendant's motive for robbing his mother, and his mother's state of mind and reason for testifying against her son (*People v Grier*, 162 AD2d 416, *lv denied* 76 NY2d 1021), all of which was relevant to the particular issues developed at trial.

The court properly precluded defense counsel from commenting during summation on the People's failure to call a witness to the robbery in light of the fact that she was the mother of defendant's son and refused to return the calls of the prosecutor (*see, People v Huhn*, 140 AD2d 760, *lv denied* 72 NY2d 919). Although comment upon the absence of a witness is not governed by the same standards as a request for a missing witness charge (*People v Tankleff*, 84 NY2d 992, 995), in this case there was no basis whatsoever for such a comment (*see, People v Parks*, 237 AD2d 105, *lv denied* 90 NY2d 862; *People v Ramirez*, 221 AD2d 178, *lv denied* 87 NY2d 1023). Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.