■ The People of the State of New York, Respondent, v Raul Delvalle, Also Known as Raul Devalle, Appellant. [670 NYS2d 827] —Judgment, Supreme Court, Bronx County (John Moore, J.), rendered April 20, 1995, convicting defendant, after a jury trial, of murder in the second degree (2 counts) and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 25 years to life, 25 years to life and 2⅓ to 7 years, respectively, unanimously affirmed.

Defendant's guilt of the second-degree murder counts under a theory of depraved indifference was amply supported by the evidence, notwithstanding that the evidence would have also supported a finding of intentional murder (*People v Arce*, 242 AD2d 508). The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

The court properly determined that the prosecutor provided race-neutral nonpretextual explanations for the challenged peremptory strikes of venirepersons. The court's determinations on this subject are entitled to great deference (*People v Hernandez*, 75 NY2d 350, 356-357, *affd* 500 US 352).

The court properly admitted, as a prior inconsistent statement to impeach a hearsay declarant's credibility, the rebuttal testimony of a prosecution witness who stated that he overheard the unavailable hearsay declarant implicating defendant in the murders. This statement directly contradicted the hearsay declarant's statement exonerating defendant, which defendant had placed in evidence as a declaration against penal interest. "[I]f there was never any opportunity to cross-examine the declarant, the inconsistent statement may be shown without a foundation" (Prince, Richardson on Evidence § 8-111 [Farrell 11th ed]; *see also, Martorella v Prudential Ins. Co.*, 238 App Div 532).

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.