■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BOYD, Appellant. (Appeal No. 1.) [675 NYS2d 577] —Judgment unanimously affirmed. Memorandum: The record does not reflect that defendant made a knowing, intelligent and voluntary waiver of his right to appeal (*see, People v Callahan*, 80 NY2d 273, 280). Defendant's challenge to the sentences is therefore properly before us (*see, People v McGee*, 241 AD2d 972, *lv denied* 90 NY2d 941; *People v Beaty*, 238 AD2d 928). We conclude, however, that the sentences are not unduly harsh or severe. (Appeal from Judgment of Erie County Court, McCarthy, J.—Attempted Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BOYD, Appellant. (Appeal No. 2.) [675 NYS2d 574] —Judgment unanimously affirmed. Same Memorandum as in *People v Boyd* (251 AD2d 1082 [decided herewith]). (Appeal from Judgment of Erie County Court, McCarthy, J.—Robbery, 3rd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KOSTORA, Appellant. [675 NYS2d 573] —Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contentions that the evidence of intent to commit a crime is legally insufficient to support his conviction of burglary in the second degree (*see, People v Gray*, 86 NY2d 10, 19; *People v Bynum*, 70 NY2d 858, 859), that the jury instruction regarding prior inconsistent statements was inadequate (*see, People v Hicks*, 205 AD2d 478, 479, *lv denied* 84 NY2d 868) and that County Court failed to marshal the evidence in an even-handed manner (*see, People v Filardi*, 203 AD2d 301; *People v Easterling*, 166 AD2d 713). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), and the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Herkimer County Court, Kirk, J.—Burglary, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ GENESIS II HAIR REPLACEMENT STUDIO, LTD., Also Known as HAIR REPLACEMENT SYSTEMS, Appellant, v KRISTIN G. VALLAR, Formerly Known as KRISTIN GALEAZZI, Respondent. [674 NYS2d 207] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied plaintiff's motion for a preliminary injunction seeking to enjoin defendant