■ In the Matter of RANDOLPH P., a Person Alleged to be a Juvenile Delinquent, Appellant. [678 NYS2d 622] —Order of disposition, Family Court, New York County (Richard Ross, J.), entered on or about October 20, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed acts which, if committed by an adult, would constitute the crime of sexual abuse in the third degree, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence, including the complainant's testimony that appellant personally participated in touching her vagina, breasts and buttocks through her clothing, supporting the court's conclusion that the presentment agency established appellant's guilt of third-degree sexual abuse beyond a reasonable doubt (*see,* Penal Law §§ 130.55, 130.00 [3]). We have considered and rejected appellant's additional claims. Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDERSON DIAZ, Appellant. [682 NYS2d 123] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered August 1, 1996, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

The prosecutor did not shift the burden of proof by commenting in summation on defendant's failure to call a material witness since defendant presented evidence with regard to said witness at trial (*People v Tankleff,* 84 NY2d 992, 994). Defendant's remaining challenges to comments made by the prosecutor during summation are unpreserved (*People v Balls,* 69 NY2d 641), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the statements regarding the objectivity of the anonymous 911 caller were fair responses to defendant's summation (*see, People v Galloway,* 54 NY2d 396, 399), and that the isolated remark about no complaints having been filed against the arresting officers was insufficient to deprive defendant of a fair trial. In any event, any impropriety was harmless in light of the overwhelming evidence of defendant's guilt.

Defendant was properly adjudicated a persistent felony offender. Defendant did not sufficiently allege that any of his prior convictions were unconstitutionally obtained (*People v Harris,* 61 NY2d 9, 15). Concur—Lerner, P. J., Sullivan, Mazzarelli, Andrias and Saxe, JJ.