■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SCOTT, Appellant. [693 NYS2d 379] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law §§ 20.00, 125.25 [3]) and two counts of attempted robbery in the first degree (Penal Law §§ 20.00, 110.00, 160.15 [1], [2]). The charges arose from the shooting death of a 16-year-old drug dealer who was selling drugs out of defendant's apartment. The victim was shot by Glaston Gaines during an attempt to rob the victim of his drugs. Gaines was convicted of murder in the second degree in a separate trial, and the judgment of conviction was affirmed by this Court (People v Gaines, 258 AD2d 921). After Gaines told police that defendant had solicited him to rob the victim, defendant was questioned and made a statement to police indicating that he had solicited Gaines to rob the victim.

By failing to object to the admission of Gaines' statement, defendant failed to preserve for our review his present contention that the statement was improperly admitted (see, CPL 470.05 [2]). In any event, even assuming, arguendo, that the statement was improperly admitted, we conclude that any er-

ror is harmless. Defense counsel read into the record the transcript of the cross-examination of Gaines during his trial, which contained a recitation of Gaines' statement. The rebuttal testimony of an investigator was properly admitted to impeach the credibility of Gaines, an unavailable hearsay declarant (*see, People v Delvalle,* 248 AD2d 126, *lv denied* 92 NY2d 896). By failing to request a limiting instruction or to object to County Court's instructions to the jury concerning the use of impeachment evidence, defendant failed to preserve for our review his present contention that the court's instructions were inadequate (*see, People v Kostora,* 251 AD2d 1082, *lv denied* 92 NY2d 1034). Likewise, defendant failed to preserve for our review his present contention that the court's supplemental instructions to the jury were improper.

"The evidence at the suppression hearing supports the court's determination that defendant waived his rights and made his statement knowingly, voluntarily and intelligently" (*People v Torres,* 245 AD2d 1124, 1125, *lv denied* 91 NY2d 978). Because defendant did not request an instruction that his statement required corroboration, his present contention that the court erred in failing to give such an instruction is not preserved for our review (*see, People v Hobbs,* 185 AD2d 619, 620, *lv denied* 80 NY2d 1027). In any event, there was ample proof that the offenses charged were committed (*see,* CPL 60.50), and thus any error is harmless (*see, People v Buster,* 245 AD2d 460, *lv denied* 91 NY2d 924). The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.