■ The People of the State of New York, Respondent, v Cornell Young, Appellant. [698 NYS2d 643] —Judgment, Supreme Court, Bronx County (Denis Boyle, J.), rendered June 5, 1996, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years and 7 to 14 years, respectively, unanimously affirmed.

The court properly denied defendant's motion for a mistrial made on the ground that he was unduly prejudiced by the People's failure to present proof regarding one count of the indictment mentioned by the prosecutor in her opening statement. The record supports the court's finding that there was no bad faith on the part of the prosecutor, and the court's curative instructions regarding consideration of only the charges and evidence submitted, without speculation or conjecture as to charges not submitted, assured that defendant was not unduly prejudiced by the prosecutor's brief mention of the one count in question (*see, People v Melendez*, 178 AD2d 366, *lv denied* 79 NY2d 950; *see also, People v Brown*, 83 NY2d 791, 794). In this connection, the court properly precluded defense counsel from commenting in summation regarding the People's failure to call a specific witness, since the record offers no basis whatsoever for such a comment (*People v Wood*, 245 AD2d 200, *lv denied* 91 NY2d 946).

The court appropriately exercised its discretion in permitting the prosecutor to recall a People's witness, following a hearing outside the presence of the jury, for the limited purpose of placing before the jury the witness's position that her subjective feelings of nervousness or fear due to the presence of an unknown spectator in the courtroom resulted in her conflicting testimony on a point of evidence covered extensively during direct and cross-examination of the witness (*see, People v Branch*, 83 NY2d 663, 666-667; *People v Wortherly*, 68 AD2d 158, 162-164). The possibility of undue prejudice to defendant was obviated by the court's prompt instruction to the jurors that they were not to infer any inappropriate conduct on the part of any spectator, or attribute anything improper to defendant, which instruction was repeated during the court's final charge (*see, People v Vasquez*, 204 AD2d 114, *lv denied* 84 NY2d 911).

Defendant's current claims of error regarding various comments by the prosecutor during summation are unpreserved and we decline to review them in the interest of justice. Since the evidence supports a reasonable inference that defendant knowingly sought to procure false alibi testimony, the court properly charged the jury that it could consider whether such evidence evinced consciousness of guilt on the part of defendant (*see, People v Leyra*, 1 NY2d 199, 208). It is presumed that the court's instructions regarding the inherent weakness of such evidence, as well as the proper consideration of such evidence in the context of other evidence presented, were understood and followed by the jury (*see, People v Davis*, 58 NY2d 1102, 1104), and since the evidence against defendant was otherwise overwhelming, it is unlikely that the jury placed undue reliance on evidence suggesting consciousness of guilt. Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.