■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK VIGLIOTTI, Appellant. [706 NYS2d 544] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of, *inter alia,* attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (Penal Law § 120.10 [1]), defendant contends that the statements of the victim immediately after he was shot in the chest were improperly admitted as excited utterances. We disagree. The statements were made while the victim was under the stress of the event (*see, People v Edwards,* 47 NY2d 493, 496-497; *see also, People v Cotto,* 92 NY2d 68, 78-79). Although there was conflicting evidence about the victim's degree of stress, the determination of spontaneity is a matter entrusted to the discretion of the trial court (*see, People v Simpson,* 238 AD2d 611, 612, *lv denied* 90 NY2d 910; *People v Torres,* 175 AD2d 635, 636, *lv denied* 78 NY2d 1082). The fact that a statement was made in response to a question is merely one factor to consider (*see, People v Cotto, supra,* at 79). Supreme Court did not abuse its discretion in declining to hold a pretrial hearing on the admissibility of those statements (*cf., People v Liccione,* 63 AD2d 305, 316, *affd* 50 NY2d 850, *rearg denied* 51 NY2d 770).

We further conclude that the conviction is supported by legally sufficient evidence. The evidence established that defendant and the victim were arguing moments before the shoot-

ing, the shot was from a distance of two feet or less and the wound was perilously close to the victim's heart. Medical evidence established that the victim faced a substantial risk of death "in the absence of speedy medical intervention" (*People v Gordon*, 257 AD2d 533, 534, *lv denied* 93 NY2d 899). Thus, there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant had the intent necessary for both the attempted murder and assault charges and caused serious physical injury (*see, People v Bleakley*, 69 NY2d 490, 495; *see, e.g., People v Holmes*, 260 AD2d 942, 943, *lv denied* 93 NY2d 1020). Although no weapon was recovered, there was sufficient evidence to establish that defendant possessed a gun at the time of the shooting. The police found a shell casing at the location and the victim's statements after the incident established that defendant "shot" the victim.

The court properly denied defendant's request for a missing witness charge when the victim failed to appear for trial. The fact that the victim provided defense counsel with an affidavit in which he recanted his statements establishes that he could not reasonably be expected to testify in the People's favor (*see, People v Congilaro*, 159 AD2d 964, *lv denied* 76 NY2d 786). In addition, the victim left the State after service of a subpoena, which rendered him unavailable to the People and established that he was not under their control (*see, People v Whetstone*, 130 AD2d 969, *lv denied* 70 NY2d 718). The court also properly denied defendant's request for a circumstantial evidence charge. The excited utterances of a victim identifying the shooter constitute direct evidence of guilt (*see, People v Pagan*, 177 AD2d 604, 605, *lv denied* 79 NY2d 862, 1005, 81 NY2d 1078). Any challenge to the supplemental charge is unpreserved for our review because defendant failed to object to it (*see, People v Scott*, 262 AD2d 1021, *lv denied* 93 NY2d 1027). The court properly denied the request of defendant to charge the jury that he was denied his right of confrontation; the admission of the excited utterances did not deprive defendant of that right (*see, People v Nieves*, 67 NY2d 125, 131, n 2).

We reject the contention of defendant that the court failed to rule on his pretrial motion. In defense counsel's presence, the court stated, "I'm going to deny your application with leave to renew". That statement constitutes a ruling, and defendant thereafter failed to renew the motion, rendering it abandoned (*see, People v Long*, 263 AD2d 357, *lv denied* 93 NY2d 1044). Defendant was adequately advised of his right to be present at court proceedings and the consequences of his failure to appear

(*see, People v Parker*, 57 NY2d 136, 141). Therefore, defendant's deliberate failure to appear for sentencing constitutes a waiver of the right to be present (*see, People v Parker, supra,* at 141; *see also, People v Robinson,* 181 AD2d 983, 984, *lv denied* 80 NY2d 837).

The contention of defendant that the indictment was improperly based on perjured testimony, raised for the first time on appeal, is not preserved for our review (*see, People v Youngs,* 212 AD2d 1001, *lv denied* 85 NY2d 982). We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Attempted Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.