■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. SZWEC, Appellant. [707 NYS2d 157] —Judgment,

Supreme Court, Bronx County (Robert Straus, J.), rendered April 13, 1998, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the judgment vacated, and the matter remanded to Supreme Court for a new trial.

The trial court denied defendant's right to a fair trial when it limited defendant's testimony as to his prior civil suit against the City of New York and two police officers, both of whom were among the arresting officers in the instant criminal matter. The court allowed defense testimony that defendant had brought a successful civil suit against the two officers, but precluded further testimony as to specific facts regarding the civil suit, which was to be offered as proof of the extent to which the two officers were purportedly motivated by hostility to fabricate the charges against defendant. Although neither of the two officers testified at trial, one of them actively supervised the buy-and-bust unit that arrested defendant and thus the officers who did testify; the second officer was a member of the unit. Other testimony established that defendant was harassed about his civil suit and physically abused by the supervisor and other officers at the time of his arrest, during his transport to the precinct, and once he arrived at the precinct.

While "[i]t is well established that the trial courts have broad discretion to keep the proceedings within manageable limits and to curtail exploration of collateral matters * * * extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground * * * Further, the trial court's discretion in this area is circumscribed by the defendant's constitutional rights to present a defense and confront his accusers" (*People v Hudy*, 73 NY2d 40, 56-57). "[W]here the facts suggest a reason to fabricate, the question is one for the jury to decide" (*People v Rios*, 223 AD2d 390, 391).

Here, the facts regarding defendant's civil suit were not too remote or speculative to be probative of the degree of hostility the police officers allegedly held towards him. Unlike *People v Thomas* (46 NY2d 100, 105, *appeal dismissed* 444 US 891), where the relationship between the testifying officer and the previously complained of officer was far less immediate, the officers who testified here worked together, *in this very case*, with the officers defendant sued in the civil case, and officers of this unit made disparaging comments about defendant and his civil suit from the time they arrested him. The court should have allowed defendant to show "the character or seriousness

of the complaint [civil suit], or whether it was warranted" (*supra,* at 105; *see also, People v Brooks,* 131 NY 321), since the suit was based on three arrests of defendant within a relatively short time, each of which ended in the drug-related charges against defendant being dismissed, since it apparently resulted in a substantial monetary settlement, and since the court allowed testimony establishing all of the facts relating to defendant's two prior drug-related convictions, including the fact that the arrests in both those cases occurred at the same location as the arrest here.

Under the circumstances, the trial court's ruling cannot be considered harmless error (*see, People v Crimmins,* 36 NY2d 230). Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.