■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL COLLAZO, Appellant. [709 NYS2d 78] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered August 1, 1996, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, the persistent felony offender finding is vacated, the sentence reduced to 3½ to 7 years, and otherwise affirmed.

The record fails to support defendant's claim that the prosecutor's summation contained arguments based on race or ethnicity. The summation contained no such references. The prosecutor's challenged remarks were fair comment on the evidence, and in the nature of proper response to issues raised by defendant in his testimony (see, People v Overlee, 236 AD2d 133, lv denied 91 NY2d 976). Specifically, defendant's economic status and his manner of dress at the time of the crime were both relevant, in context, to the credibility of his explanation for his presence in the building as an apartment seeker. Likewise, defendant's testimony furnished sufficient foundation for the prosecutor's comment on defendant's failure to call his wife as a witness (see, People v Diaz, 254 AD2d 94, lv denied 93 NY2d 852).

We exercise our discretion in vacating the sentencing court's persistent felony offender finding (People v Witt, 258 AD2d 300, lv denied 93 NY2d 1029). Under these circumstances, the maximum sentence authorized for a predicate felon convicted of attempted burglary in the second degree, committed prior to October 1, 1995 (see, L 1995, ch 3, § 74 [e]), is an indeterminate prison term of 3½ to 7 years (Penal Law § 70.06 [3] [d]; [4] [b]), and we substitute that sentence.

Defendant's remaining contentions are unpreserved, and we decline to review them in the interest of justice. Were we to review those claims, we would reject them. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.