■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS NEGRONI, Appellant. [720 NYS2d 522] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered June 26, 1998, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that reversal is warranted because the prosecutor cross-examined him regarding his whereabouts on the day of the shooting, and improperly commented during summation about his failure to call witnesses to corroborate his claim that he was not at the crime scene. We disagree. The defendant opened the door to the subject line of cross-examination when he testified that he never returned to the deceased victim's apartment after an argument with her boyfriend about two weeks before the shooting. The defendant further testified that he was residing with his sister on the day of the shooting, and on cross- and redirect examination he added that he was at his sister's apartment caring for her children when the crime was committed. Since the defendant elected to come forward with this evidence to establish that he could not have been at the deceased victim's apartment when the shooting occurred, there is no merit to his argument that the prosecutor impermissibly shifted the burden of proof by directing the jury's attention to his failure to call witnesses who could have been expected to corroborate his testimony (*see, People v Tankleff*, 84 NY2d 992; *People v Ruine*, 258 AD2d 278; *People v Overlee*, 236 AD2d 133, 142-143; *People v Smith*, 190 AD2d 522). Krausman, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.