■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK GONZALEZ, Appellant. [732 NYS2d 400] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered September 2, 1999, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility. The victim had an excellent opportunity to view her attacker and recognized him as a former employee, and another witness identified defendant and his distinctive vehicle, which he used during the crime.

When a defense witness testified that defendant was definitely not the robber, the court properly exercised its discretion in permitting the People to impeach the witness with his prior statement, at a lineup, that defendant may have been the robber. This was clearly enough of an inconsistency to be considered by the jury (*see*, *People v Duncan*, 46 NY2d 74, 80-81).

Defendant received ample latitude in which to comment on the People's failure to call a witness (*see*, *People v Tankleff*, 84 NY2d 992, 994-995). The court properly exercised its discretion in precluding defendant from making a further argument as to the People's alleged bad faith, for which there was no foundation in the record.

Since defendant failed to raise the issue prior to the discharge of the jury, defendant's repugnant verdicts claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no repugnancy given the court's charge (*see*, *People v Tucker*, 55 NY2d 1).

By failing to object, by failing to make specific objections, or by failing to request further relief after curative actions were taken by the court, defendant failed to preserve his present challenges to the People's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see*, *People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We perceive no basis for reduction of sentence. Concur— Williams, J. P., Andrias, Wallach, Lerner and Saxe, JJ.