■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MARTINEZ, Appellant. [734 NYS2d 440] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., at hearing; Phylis Skloot Bamberger, J., at jury trial and sentence), rendered December 4, 1997, convicting defendant of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility. In this taxicab robbery, the victim repeatedly observed defendant at close range under adequate lighting conditions in the cab, and easily recognized defendant when he encountered him on the street later the same night.

The court properly denied defendant's motion to suppress identification evidence, since the showup identification was made under nonsuggestive circumstances, shortly after the victim had recognized defendant, and in reasonable spatial and temporal proximity to the crime (*see, People v McBride*, 242 AD2d 482, *lv denied* 91 NY2d 876).

The court's *Sandoval* ruling balanced the appropriate factors

and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459). The court only permitted the People to elicit the fact that defendant had two unspecified felony convictions. We find that these convictions were not unduly remote in time.

The challenged portions of the prosecutor's summation constituted fair comment on the evidence along with reasonable inferences that could be drawn therefrom, in proper response to the defense summation, and did not deprive defendant of a fair trial (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884; *see also, People v Tankleff*, 84 NY2d 992).

Defendant's ineffective assistance claim largely involves matters of strategy, including the question of whether an alibi witness should have been called, and thus would require expansion of the record by way of a CPL 440.10 motion. On the existing record, we conclude that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714). Concur—Rosenberger, J. P., Tom, Andrias, Ellerin and Wallach, JJ.