■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LIBOY, Appellant. [789 NYS2d 493]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered June 17, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to an aggregate term of three years, and order, same court and Justice, entered on or about December 3, 2003, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). In his CPL 440.10 motion, defendant asserted that his trial counsel should have visited or sent an investigator to the location of the alleged sale, and that had counsel done so, he would have been able to cast doubt on an officer's ability to observe details of the sale. However, this claim lacked sufficient factual support and was clearly contradicted by the photographs of the scene introduced by the People at trial. Furthermore, counsel was able to effectively challenge the police account during cross-examination, and to pursue a thorough, albeit unsuccessful, strategy of portraying his client as a drug buyer rather than a seller. Counsel's conduct of the defense was reasonable under all the circumstances, including counsel's awareness of the content of the People's photographs.

The court properly precluded defendant from commenting in summation on the People's failure to call as a witness a police officer who was present at defendant's arrest since defendant "failed to make the limited showing required for such a comment" *People v Torres*, 272 AD2d 128 [2000], *lv denied* 95 NY2d 939 [2000]; *see also People v Tankleff*, 84 NY2d 992, 994-995 [1994]). There was nothing in the record to suggest that the officer at issue observed the drug transaction at issue.

We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Saxe, Friedman, Williams and Sweeny, JJ.