■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JORDAN, Appellant. [795 NYS2d 46]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered October 9, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly declined to provide a missing witness charge with respect to a police witness who testified at defendant's first trial, which ended in a mistrial, but who was not called by the People at the retrial. This officer's testimony at the first trial was completely favorable to the prosecution and plainly cumulative to other testimony, and there is nothing to indicate that her testimony would have been different at the second trial. Accordingly, there was no basis for the jury to draw an adverse inference from the People's failure to call the witness (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]).

We further find that, under the particular circumstances presented, the court properly exercised its discretion in precluding defense counsel from commenting during summation on the People's failure to call this officer at trial. Although a summation comment on a witness's absence does not require the same foundation as a missing witness charge, here defense counsel, who represented defendant at both trials, was familiar with the officer's testimony at the first trial and lacked a good faith basis for such a comment (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]). Concur—Saxe, J.P., Marlow, Sullivan, Williams and Gonzalez, JJ.