■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BAILEY, Appellant. [798 NYS2d 406]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered December 18, 2002, convicting defendant, after a jury trial, of attempted burglary in the third degree and possession of burglar's tools, and sentencing him, as a persistent felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

The court properly exercised its discretion in excluding evidence of the civilian complaint filed by defendant against the arresting officers following the instant arrest, since defendant failed to make any showing of the character and seriousness of the complaint (*see People v Thomas*, 46 NY2d 100, 105 [1978], *appeal dismissed* 444 US 891 [1979]; *compare People v Szwec*, 271 AD2d 322 [2000], *lv denied* 95 NY2d 871 [2000]). Defendant received ample latitude in which to explore the circumstances of his arrest and impeach the officers' credibility. Since defendant did not assert a constitutional right to introduce the excluded evidence, his constitutional argument is unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Gönzalez*, 54 NY2d 729 [1981]), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rivera*, 5 NY3d 61 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Saxe, J.P., Nardelli, Williams, Gonzalez and Catterson, JJ.