THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL WEST, Appellant.—Judgment, Supreme Court, New York County (Joan B. Carey, J., at trial and sentence; Harold Rothwax, J., on severance motion), rendered October 1, 1986, convicting defendant, after a jury trial, of rape in the first degree (two counts) and four counts each of robbery in the first degree, sodomy in the first degree, and sexual abuse in the first degree, and sentencing him, as a predicate felon, to an indeterminate prison term of from 10 to 20 years on each of the robbery, rape and sodomy counts, three of those terms to run consecutively with one another and the remainder concurrently with those three, and from 3½ to 7 years' imprisonment for each count of sexual abuse to run concurrently with each other and the other terms of imprisonment, is unanimously affirmed.

At the suppression hearing, Justice Rothwax, in his discretion, properly denied defendant's motion for severance of the counts in the indictment upon the prosecution's showing that the four separate offenses involved a unique modus operandi, thereby making the evidence of each of the four crimes "material and admissible" as to the identity issue in the other crimes charged (CPL 200.20 [2] [b]; People v Beam, 57 NY2d 241, 252 [1982]). The attacks occurred within a two-month period against four unaccompanied women in the late afternoon in common areas of office buildings which were all located within a two-block-wide corridor between 30th and 45th Streets. All four incidents began as robberies with the attacker displaying a knife and demanding money and jewelry, and then escalated into sexual attacks. Three of the robberies were initiated in office elevators and continued in a

rest room; one began in a rest room. The attacker ultimately forced the women into a bathroom stall where he fondled their breasts and demanded that the women perform oral sodomy. In addition to being identified in a lineup by each of the four victims, defendant's fingerprints were found at three of the four crime scenes. This "over-all pattern" of criminal conduct was of more than sufficient uniqueness to constitute a distinctive modus operandi, and thus, the counts were properly joined under one indictment (see, CPL 200.20 [2] [b]; *People v Beam,* 57 NY2d, *supra,* at 253).

Defendant moved to reargue his severance motion at trial before Justice Carey, who properly declined to entertain it, with leave to renew the application before Justice Rothwax, who had denied the original motion.

Defendant's constitutional claim that he was denied a fair trial with respect to his right not to testify on the basis of the court's lengthy "no inference" charge expanding on the statutory language (CPL 60.15 [2]) is unpreserved for lack of sufficient objection (see, *People v Lara,* 148 AD2d 340, *affd* 75 NY2d 836). In any event, no negative inferences pertaining to defendant's right not to testify were contained in the charge (see, *People v Diggs,* 151 AD2d 359, 361-362).

Defendant also asserts error by the prosecutor in summation, particularly the comment that the evidence given by the People's fingerprint expert was "uncontroverted". This observation, together with related statements, constituted a fair response to the defense summation which impugned the expert's credibility (see, *People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912). Even if this were to be regarded as error, it becomes insignificant in light of the overwhelming proof of defendant's guilt.

We have examined defendant's other contentions and find them without merit. Concur—Kupferman, J. P., Ross, Kassal, Smith and Rubin, JJ.