■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH McKEE, Appellant. [707 NYS2d 317] —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered May 7, 1997, convicting defendant, after a jury trial, of kidnapping in the second degree (two counts), burglary in the first degree (two counts), robbery in the first degree (three counts) and a count of unlawful imprisonment in the first degree, and sentencing him to five concurrent terms of 8 to 16 years, to run consecutively to two concurrent terms of 8 to 16 years and a concurrent term of $1\frac{1}{3}$ to 4 years, unanimously modified, on the law, to the extent of reducing the sentence on each of the kidnapping counts to $5\frac{1}{3}$ to 16 years, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility. We find that there was ample eyewitness and circumstantial evidence. We have considered and rejected defendant's claim that various purported trial errors, not argued to be independent bases for reversal, undermined the sufficiency or weight of the evidence.

The court properly precluded cross-examination that would have suggested to the jury that a detective had framed defendant in order to coerce him into implicating his jointly tried co-

defendant in a murder. As distinguished from *People v Carter* (86 AD2d 451, 457-458), upon which defendant relies, the limitations placed on defendant's cross-examination were not based solely on the ground that such inquiry would prejudice the co-defendant. The court properly exercised its discretion by precluding such questioning, which would have been purely speculative and without a good faith basis (*People v Perry*, 203 AD2d 131, *lv denied* 83 NY2d 970). Moreover, the trial testimony given by the detective in question was not pivotal to the case, in that it related primarily to identification procedures, and defendant's argument to the contrary rests on supposition (*see, People v Fernandez*, 249 AD2d 3, 5-7, *lv denied* 92 NY2d 897).

The record does not support defendant's claim that he was sentenced as a second felony offender and that a remand is necessary to properly sentence him as a first felony offender. Under the law applicable at the time the crimes were committed, defendant was properly sentenced for the class B armed felonies of first-degree robbery and burglary, as a first felony offender, to terms containing minimum periods of imprisonment that were one-half the maximum imposed. However, as the People correctly concede, defendant's sentences for kidnapping, which is not an armed felony, should be reduced to terms of $5^{1}/_{3}$ to 16 years, so that the minimum will be one-third of the maximum. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Buckley, JJ.