THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DAILY, Appellant. [747 NYS2d 85]

After a thorough hearing pursuant to *People v Ventimiglia* (52 NY2d 350), the court properly exercised its discretion in admitting evidence of defendant's 1992 robbery conviction for the purpose of establishing his identity as the perpetrator of the crimes charged (*see People v Beam*, 57 NY2d 241, 250-253). Defendant's current and prior crimes shared a sufficiently distinctive modus operandi whereby defendant and his accomplices robbed persons in Manhattan's jewelry district, during the evening rush hour, as they carried packages of jewelry for delivery. Slight differences between the charged and prior crimes did not render the prior crime inadmissible (*id.*).

Defendant's complaint about the timing of the court's ultimate decision to admit evidence of the prior robbery is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that, under the particular circumstances, the court properly exercised its discretion when, after hearing the defense case, it decided to permit the People to introduce the prior robbery on rebuttal. The defense case, which featured a claim that the police had been harassing defendant by placing him in lineups for no good reason and also revealed that defendant was on parole, increased the probative value and decreased the prejudicial effect of the prior crime evidence.

The court properly exercised its discretion in imposing reasonable limits on defendant's presentation of evidence that the arresting officer was biased against him. While bias of a witness is a proper subject of inquiry, defendant sought to delve into matters that were speculative, remote and of dubious relevance (*see People v McKee*, 272 AD2d 54, *lv denied* 95 NY2d 868). To the extent that defendant is raising a constitutional claim, such claim is unpreserved (*People v Angelo*, 88 NY2d 217, 222), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of defendant's right to present a defense and confront witnesses (*see Delaware v Van Arsdall*, 475 US 673, 678-679).

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's inquiry of a defense witness concerning defendant's brother's criminal record, since the court's curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865; *People v Young*, 48 NY2d 995).

By failing to object, by making generalized objections, or by failing to request further relief after objections were sustained, defendant did not preserve his remaining contentions and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Wallach, J.P., Lerner, Rubin, Friedman and Gonzalez, JJ.