■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIS WHITE, Appellant. [811 NYS2d 660]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered November 14, 2003, convicting defendant, after a jury trial, of rape in the first degree, aggravated sexual abuse in the first degree, sexual abuse in the second degree (two counts), burglary in the first degree and robbery in the first degree, and sentencing him to an aggregate term of 30 to 90 years, unanimously affirmed.

Defendant's claim that the admission of evidence of an uncharged rape violated his federal constitutional rights is not preserved for appellate review, as his only protest at trial to the

evidence rested solely on evidentiary rules (*see People v Kello*, 96 NY2d 740, 743-744 [2001]). If we were to review his constitutional claim, we would reject it for the same reasons we reject his evidentiary claim. Contrary to defendant's arguments, the court properly exercised its discretion in admitting the evidence. Identity was a contested issue throughout the trial (*see People v Beam*, 57 NY2d 241, 251-252 [1982]). Evidence of another crime is admissible as proof of identity if the defendant's modus operandi was sufficiently distinctive to make the evidence of the uncharged crime probative of his commission of the charged crime (*id.* at 251). "It is not necessary that the pattern be ritualistic for it to be considered unique; it is sufficient that it be a pattern which is distinctive" (*id.* at 253). Here, there was a series of distinctive features common to both crimes (*see e.g. People v Daily*, 297 AD2d 562 [2002], *lv denied* 99 NY2d 534 [2002]; *People v West*, 160 AD2d 301 [1990], *lv denied* 76 NY2d 798 [1990]). Additionally, the evidence was admissible to prove the element of forcible compulsion, and to rebut defendant's claim that he had had consensual sex with the 14-year-old victim (*see People v Ingram*, 71 NY2d 474, 483 [1988] [Kaye, J., concurring]).

Defendant's argument that the procedure by which the court determined that he was eligible for consecutive sentences violated the principles of *Apprendi v New Jersey* (530 US 466 [2000]), is unpreserved. Were we to review it, we would find it to be without merit (*see United States v White*, 240 F3d 127 [2d Cir 2001], *cert denied* 540 US 857 [2003]). The sentencing court did not engage in any fact finding, but instead made a legal determination based on facts already found by the jury (*cf. People v Parks*, 95 NY2d 811 [2000]).

The ineffective assistance of counsel argument raised in defendant's pro se supplemental brief is primarily based upon factual assertions outside the record and, as such, is inappropriately raised on direct appeal (*see e.g. People v Denny*, 95 NY2d 921, 923 [2000]). On the existing record, defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Concur—Marlow, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.