■ The People of the State of New York, Respondent, v Jim P. Matuszak, Appellant. [821 NYS2d 355]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered December 9, 2004. The judgment convicted defendant, after a nonjury trial, of sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of sexual abuse in the first degree (Penal Law § 130.65 [3]), sexual abuse in the second degree

(§ 130.60 [2]), and two counts of endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that County Court erred in allowing the People to introduce *Molineux* evidence. The court properly concluded that evidence of defendant's 1993 conviction of sexual abuse in the second degree was relevant to the issue of defendant's intent and the absence of mistake. Under those circumstances, its probative value outweighed its potential for prejudice (*see People v Burkett*, 12 AD3d 1196, 1196-1197 [2004], *lv denied* 4 NY3d 762 [2005]; *see generally People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]; *People v Molineux*, 168 NY 264, 291-294 [1901]). Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.