■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER PEARCE, Appellant. [916 NYS2d 232]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Calabrese, J.), rendered July 23, 2008, convicting him of rape in the first degree, criminal sexual act in the first degree, burglary in the first degree, robbery in the first degree, and kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the People submitted into evidence an anonymous letter with a return address listing the defendant's jail and inmate number. In the letter, the writer sought information about the complainant that the writer could use at trial. The letter also indicated that the writer did not know the complainant's last name. The trial court overruled the defendant's objection to the letter's admission into evidence.

The trial court providently exercised its discretion in admitting the letter into evidence. "In New York, the general rule is that all relevant evidence is admissible unless its admission violates some exclusionary rule. Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (*People v Scarola*, 71 NY2d 769, 777 [1988] [citations omitted]). Here, the letter was admissible to rebut the defendant's claim that he had consensual sex with the complainant (*see People v White*, 27 AD3d 387, 388 [2006]). Any question as to whether the defendant actually wrote the letter went to the weight to be accorded the evidence, not to its admissibility (*see People v Lleshi*, 10 AD3d 733, 734 [2004]).

The defendant's contention that the evidence was legally insufficient to support the jury verdict is unpreserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal based upon the People's alleged

failure to make out a prima facie case (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

We note that, pursuant to Penal Law § 70.30 (1) (e) (vi), the aggregate, maximum term of imprisonment for the sentences imposed consecutively must be deemed to be 50 years (*see People v Moore*, 61 NY2d 575 [1984]). Covello, J.P., Eng, Chambers and Hall, JJ., concur.