# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**918**

**KA 09-02651**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

BARTHOLOMEW SMITH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered December 11, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the first degree and rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and rape in the first degree (§ 130.35 [1]). Contrary to defendant's contention, Supreme Court did not err in denying his motion seeking severance of those counts of the indictment relating to the rape of the first victim from those counts relating to the murder of a second victim six months later. "To effect a severance[, defendant] must either demonstrate that the counts were not joinable under the statutory criteria . . . or seek a discretionary severance" (*People v Lane*, 56 NY2d 1, 7). Offenses are joinable if, inter alia, proof of either offense would be material and admissible as evidence-in-chief at the trial of the other offense (*see* CPL 200.20 [2] [b]). Defendant was indicted for murder in the first degree under the theory that he killed the second victim in the course of committing the crime of criminal sexual act in the first degree, i.e., forcible anal sexual conduct (*see* Penal Law §§ 125.27 [1] [a] [vii]; 130.50 [1]). We conclude that evidence with respect to the rape count was material and admissible to establish defendant's intent to have forcible anal sexual conduct with the second victim (*see* *People v Wise*, 46 AD3d 1397, 1398-1399, *lv denied* 10 NY3d 872; *People v Matuszak*, 32 AD3d 1347, 1348; *People v White*, 27 AD3d 387, 388, *lv denied* 6 NY3d 899; *see generally People v Kelley*, 46 AD3d 1329, 1331-1332, *lv denied* 10 NY3d 813). Each victim lived in the same apartment building that defendant lived in at the time of the respective crimes,

and defendant knew both victims.  DNA testing showed that defendant's sperm was found in the second victim's anal cavity, but defendant told the police that he and the second victim had consensual sex.  Defendant had also told the police that he and the first victim had consensual sex.  Further, the first victim told defendant's girlfriend immediately following the rape that defendant had threatened to strangle her with a string or thin rope, and the cause of death of the second victim was strangulation with a shoe string.  Thus, inasmuch as the offenses were properly joinable under CPL 200.20 (2) (b), the court lacked discretion to sever them (*see People v Bongarzone*, 69 NY2d 892, 895; *People v Webb*, 60 AD3d 1291, 1293, *lv denied* 12 NY3d 930).

We reject defendant's contention that the court erred in admitting in evidence statements of the first victim after the rape as excited utterances.  The court concluded that "[t]he statements were made while the victim was under the stress of the event" (*People v Vigliotti*, 270 AD2d 904, 904, *lv denied* 95 NY2d 839, *reconsideration denied* 95 NY2d 970; *see People v Powell*, 288 AD2d 5, 5-6, *lv denied* 97 NY2d 732), and we perceive no basis to disturb that determination (*see People v Davis*, 87 AD3d 1332, 1335, *lv denied* 18 NY3d 858, *reconsideration denied* 18 NY3d 956).  Defendant further contends that he was denied a fair trial by prosecutorial misconduct during the cross-examination of defendant and during summation.  Most of the instances of alleged misconduct are not preserved for our review (*see People v Haynes*, 104 AD3d 1142, 1144) and, in any event, we conclude that "any improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Cox*, 21 AD3d 1361, 1364, *lv denied* 6 NY3d 753 [internal quotation marks omitted]).  We further conclude that defendant was not denied effective assistance of counsel by defense counsel's failure to object to certain conduct of the prosecutor (*see People v Gaston*, 100 AD3d 1463, 1465).

Defendant contends that there was legally insufficient evidence that he committed criminal sexual act in the first degree, an essential element of murder in the first degree as charged to the jury (*see* Penal Law § 125.27 [1] [a] [vii]).  By not renewing his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve that contention for our review (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, that contention is without merit inasmuch as the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), establishes that the second victim was found naked; defendant's semen was in her anal cavity; she had been strangled from behind; she had blunt trauma to the face and defensive wounds on her hand; and she had DNA consistent with defendant under her fingernails.  We therefore conclude that the evidence was legally sufficient to establish that defendant committed anal sexual conduct by forcible compulsion (*see* § 130.50 [1]; *see generally People v Bleakley*, 69 NY2d 490, 495).  Additionally, viewing the evidence in light of the elements of murder in the first degree and rape in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally*

*Bleakley*, 69 NY2d at 495).  Finally, the sentence is not unduly harsh or severe.