# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**251**

**KA 09-02277**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

DESMOND T. MCCULLOUGH, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered September 2, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [2]), arising from defendant's shooting of the victim. Defendant contends that County Court erred in denying his request for a missing witness charge. We conclude that any error of the court in failing to give the missing witness charge is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant but for the alleged error (*see People v White*, 265 AD2d 843, 844, *lv denied* 94 NY2d 868). The overwhelming evidence of defendant's guilt included the testimony of three eyewitnesses, all of whom were personally familiar with defendant. Notably, all three witnesses testified that the shooting occurred in broad daylight, and that the assailant was not wearing a mask to cover his face. We reject defendant's related contention that the court erred when it precluded defense counsel from commenting on the missing witness during summation (*see generally People v Miller*, 213 AD2d 271, 271, *lv denied* 86 NY2d 844).

Finally, we reject defendant's contention that the court erred in admitting in evidence a letter purportedly written by defendant. "In New York, the general rule is that all relevant evidence is admissible unless its admission violates some exclusionary rule . . . Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more

probable or less probable than it would without the evidence" (*People v Scarola*, 71 NY2d 769, 777).  Even relevant evidence, however, may be held inadmissible in the exercise of the court's discretion if its "probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury" (*id.*).  Here, we conclude that the probative value of the letter far outweighs any unfair prejudice inasmuch as it was relevant to the issue of the shooter's identity.  "[W]hether . . . defendant actually wrote the letter [goes] to the [evidentiary] weight to be accorded the [letter], not to its admissibility" (*People v Pearce*, 81 AD3d 856, 856, *lv denied* 16 NY3d 898).