# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1328**
**KA 12-00608**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EMANUEL B. INMAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered January 18, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts), criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts each of robbery in the first degree (Penal Law § 160.15 [2], [4]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), defendant contends that he was denied effective assistance of counsel. We reject that contention. Viewing defendant's representation in its entirety, we conclude that defendant was afforded meaningful representation (*see generally People v Schulz*, 4 NY3d 521, 530-531). "[I]t is well settled that disagreement over trial strategy is not a basis for a determination of ineffective assistance of counsel" (*People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959). In this case, the alleged instances of ineffective assistance "are based largely on his hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies" (*People v Morrison*, 48 AD3d 1044, 1045, *lv denied* 10 NY3d 867). To the extent that defendant contends that defense counsel was ineffective for failing to object to the prosecutor's remarks during summation, that contention is without merit inasmuch as the prosecutor's comments were fair comment on the evidence and did not constitute prosecutorial misconduct (*see People v Martinez*, 114 AD3d 1173, 1174, *lv denied* 22 NY3d 1200; *People v Goupil*, 104 AD3d 1215, 1217, *lv denied* 21 NY3d 943).

Contrary to defendant's further contention, County Court did not err in admitting in evidence a hat found at the crime scene and the results of DNA testing of the hat, based on a gap in the chain of custody. " 'The People provided sufficient assurances of the identity and unchanged condition of the [hat] . . . , and any alleged gaps in the chain of custody went to the weight of the evidence and not its admissibility' " (*People v Jefferson*, 125 AD3d 1463, 1464, *lv denied* 25 NY3d 990; *see People v Hawkins*, 11 NY3d 484, 494).

Finally, we reject defendant's contention that the court erred in admitting in evidence a photograph of a vehicle parked in the driveway of defendant's home. "In New York, the general rule is that all relevant evidence is admissible unless its admission violates some exclusionary rule . . . . Evidence is relevant if it has a tendency in reason to prove the existence of any material fact" (*People v Scarola*, 71 NY2d 769, 777). Nevertheless, relevant evidence may be determined to be inadmissible if its "probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury" (*id.*). Here, a witness testified that the perpetrator of the crime fled the scene in a vehicle that was similar to the one depicted in the photograph, and we conclude that "the probative value of the [photograph] far outweighs any unfair prejudice inasmuch as it was relevant to the issue of the [perpetrator's] identity" (*People v McCullough*, 117 AD3d 1415, 1416, *lv denied* 23 NY3d 1040). In any event, any error in the admission of the photograph is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court