People v Murray (2020 NY Slip Op 04255)





People v Murray


2020 NY Slip Op 04255


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


299 KA 14-00921

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRELL L. MURRAY, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 12, 2014. The judgment convicted defendant upon a jury verdict of insurance fraud in the third degree and falsifying business records in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of insurance fraud in the third degree (Penal Law § 176.20) and falsifying business records in the first degree
(§ 175.10). The conviction arises from the filing of an insurance claim for various items of property that were ostensibly destroyed in a residential fire, which was determined upon investigation to have been intentionally set.
Contrary to defendant's contention, Supreme Court did not commit reversible error in its Molineux ruling. Here, the evidence of defendant's prior misrepresentation on the relevant application for insurance was properly admitted in evidence to establish his intent to defraud (see People v Berger, 155 AD2d 951, 951 [4th Dept 1989], lv denied 75 NY2d 917 [1990]). We conclude that the probative value of that evidence outweighed its potential for prejudice, and "the court's limiting instruction[s] minimized any prejudice to defendant" (People v Washington, 122 AD3d 1406, 1408 [2014], lv denied 25 NY3d 1173 [2015]; see Berger, 155 AD2d at 951).
Defendant's additional contention that the court erred in admitting evidence of his significant debts and limited financial means is largely unpreserved for our review and, in any event, lacks merit. That evidence was relevant to whether the contents of the subject claim forms were false inasmuch as it tended to prove that defendant did not actually own and possess in his residence the numerous expensive items of property that he claimed were destroyed in the fire, and its probative value was not substantially outweighed by the potential for prejudice (see generally People v Harris, 26 NY3d 1, 5 [2015]). Moreover, any error in admitting that evidence is harmless inasmuch as the proof of defendant's guilt, without reference to the error, is overwhelming, and there is no significant probability that the jury would have acquitted defendant had it not been for the error (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant further contends that the court erred in granting the People's request to instruct the jury on accessorial liability because doing so impermissibly introduced an alternative theory of liability, i.e., that he acted in concert with his wife, that was not charged in the indictment as amplified by the bill of particulars. We reject that contention. "An indictment charging a defendant as a principal is not unlawfully amended by the admission of proof and instruction to the jury that a defendant is additionally charged with acting-in-concert to commit the same crime, nor does it impermissibly broaden a defendant's basis of liability, as there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (People v Rivera, 84 [*2]NY2d 766, 769 [1995]; see People v Duncan, 46 NY2d 74, 79-80 [1978], rearg denied 46 NY2d 940 [1979], cert denied 442 US 910 [1979], rearg dismissed 56 NY2d 646 [1982]; People v Gigante, 212 AD2d 1049, 1049 [4th Dept 1995], lv denied 85 NY2d 909 [1995]). We therefore conclude that " the jury was properly instructed concerning both theories based upon the evidence adduced at trial' " (People v Young, 55 AD3d 1234, 1235 [4th Dept 2008], lv denied 11 NY3d 901 [2008]). Contrary to defendant's contention, "the accessorial liability instruction did not introduce any new theory of culpability into the case that was inconsistent with that in the indictment, and thus his indictment as a principal provided him with fair notice of the charge[s] against him" (id.; see Rivera, 84 NY2d at 770-771).
Finally, we reject defendant's contention that the conviction is not supported by legally sufficient evidence. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and affording them the benefit of every favorable inference (see People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (id.). Contrary to defendant's specific contention, even if he did not personally complete and sign each claim form, the evidence is legally sufficient to establish that he "cause[d] to be presented" a written statement containing materially false information in support of a claim for payment pursuant to an insurance policy (Penal Law § 176.05 [emphasis added]; see § 176.20) and "cause[d] a false entry in the business records of an enterprise" (§ 175.05 [1] [emphasis added]; see § 175.10) by meeting with the insurance company's representative and submitting to him the forms that were to be filed on defendant's behalf (see People v Barto, 144 AD3d 1641, 1643 [4th Dept 2016], lv denied 28 NY3d 1142 [2017]; People v Fuschino, 278 AD2d 657, 658-659 [3d Dept 2000], lv denied 96 NY2d 800 [2001]; see generally People v Abraham, 22 NY3d 140, 147-148 [2013]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court