People v Murray (2021 NY Slip Op 00722)





People v Murray


2021 NY Slip Op 00722


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


844 KA 17-00108

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTINA MURRAY, ALSO KNOWN AS CHRISTINA MCCLARTY, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 20, 2015. The judgment convicted defendant upon a jury verdict of insurance fraud in the third degree and falsifying business records in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of insurance fraud in the third degree (Penal Law § 176.20) and falsifying business records in the first degree (§ 175.10). The case arose from an insurance claim by which defendant attempted to recover the cash value of items of personal property that were ostensibly lost in a house fire. We previously affirmed the judgment convicting defendant's spouse after a separate trial of the same crimes, arising from the same events (People v Murray, 185 AD3d 1507 [4th Dept 2020]).
Contrary to defendant's contention, "the proof is legally sufficient to establish that defendant attempted to wrongfully obtain property valued in excess of $3,000" (People v Michael, 210 AD2d 874, 874 [4th Dept 1994], lv denied 84 NY2d 1035 [1995]; see Penal Law § 176.20). The evidence established that defendant claimed $5,000 for a leather sectional on her insurance claim form; however, a receipt indicated that defendant actually bought the sectional for $1,895 in cash. Testimony further established that many of the items that defendant claimed either did not belong to her or were not in the house at the time of the fire. The testimony of defendant's landlord established that he provided the refrigerator, a gas stove, and a top-load washer and dryer, items for which he sought recovery in his own insurance claim. Furthermore, an arson investigator testified that he investigated the cause of the fire and did not see many of the items claimed on the form, particularly a front-load washer and dryer, flat screen televisions, video game systems, a desktop computer, digital cameras, camcorders, and a leather, king-size bedroom set.
Although defendant's challenge to the legal sufficiency of the evidence otherwise is not preserved for our review because her trial order of dismissal was not " 'specifically directed' " at the errors alleged (People v Gray, 86 NY2d 10, 19 [1995]), " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Danielson, 9 NY3d 342, 349-350 [2007]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see Danielson, 9 NY3d at 349), and according deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that Supreme Court abused its discretion in permitting the arson investigator to testify with respect to his conclusion that the fire had been intentionally set inasmuch as the probative value of that testimony was outweighed by its potential for prejudice. We agree.
As a threshold matter, we note that the investigator's testimony that the fire had been intentionally set was irrelevant to prove any of the essential elements of the crimes charged against defendant (see Penal Law §§ 175.10, 176.20; see generally People v Scarola, 71 NY2d 769, 777 [1988]; People v McCullough, 117 AD3d 1415, 1416 [4th Dept 2014], lv denied 23 NY3d 1040 [2014]). Even assuming, arguendo, that the challenged testimony was relevant for the reason given by the court, i.e., to complete the narrative regarding the investigation, we agree with defendant that it still should have been excluded at trial. Relevant evidence may be excluded by the trial court if the probative value of the evidence is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury (see Scarola, 71 NY2d at 777; People v Smith, 126 AD3d 1528, 1529 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]).
Here, the testimony of the investigator with respect to what items he observed in the house during the investigation was relevant to establish what property was lost in the fire. Thus, the court properly allowed the investigator to testify about his years of experience, his investigatory methods, and the fact that he had to eliminate electronics as a potential cause of the fire in order to determine the fire's actual cause. That information was essential to convey that carefully observing the electronics actually present in the house was an integral part of the investigation, and thus the presence of certain electronic devices in the house was not something that he was likely to have overlooked. Further, the fact that the investigator eliminated electronics as a potential source for the fire was highly probative because it demonstrated that the investigator thoroughly investigated the electronics in the house. However, those critical aspects of the investigator's testimony could have been discussed without referring to his ultimate conclusion that the fire had been intentionally set. In other words, "any holes or ambiguities in the narrative 'could . . . have been easily dealt with by far less prejudicial means' " (People v Garrett, 88 AD3d 1253, 1254 [4th Dept 2011], lv denied 18 NY3d 883 [2011], quoting People v Resek, 3 NY3d 385, 390 [2004]).
Indeed, the investigator's conclusion was highly prejudicial because it allowed the jury to speculate that defendant burned the house down with all of her possessions inside of it in order to collect the insurance money, which, if true, would be conclusive of her alleged intent to defraud. That prejudice was compounded by the limiting instructions that the court provided to the jury after opening statements. Inasmuch as the court had concluded prior to trial that the evidence in question was relevant and admissible for the purpose of completing the narrative of events, the court appropriately instructed the jury that the evidence would be received only for that limited purpose and, consistent with defendant's request, also instructed the jury that she had not been charged with arson. However, the court further instructed the jury that, "every time you hear the word arson, . . . you should be thinking about not tying the arson to [defendant]." We conclude that the further instruction, if anything, had the effect of linking defendant to the arson in the minds of the jurors. Moreover, the prejudice to defendant was also compounded by the court's failure to issue appropriate limiting instructions when the evidence in question was admitted and during the final charge to the jury (see generally People v Presha, 83 AD3d 1406, 1407 [4th Dept 2011]). Although defendant failed to preserve any challenge to the content or timing of the limiting instructions (see People v Hymes, 174 AD3d 1295, 1299-1300 [4th Dept 2019], affd 34 NY3d 1178 [2020]), we exercise our power to review in the interest of justice her contentions in those respects (see CPL 470.15 [6] [a]).
The above errors are not harmless because the evidence of defendant's guilt, without reference to the errors, is not overwhelming (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). Although we previously concluded in the spouse's appeal that the evidence of his guilt was overwhelming (Murray, 185 AD3d at 1508), we take judicial notice of our records in that appeal (see People v Pierre, 129 AD3d 1490, 1492 [4th Dept 2015]) and note that the People's case against the spouse was much stronger, in part because it involved the testimony of two neighbors establishing that the spouse had advance knowledge that the fire would be set. Likely for that reason, he did not challenge on appeal the investigator's testimony at his trial with respect to the determination that the fire was intentionally set. The evidence of arson, combined with the testimony of the neighbors, constituted overwhelming evidence of guilt against [*2]defendant's spouse (Murray, 185 AD3d at 1508). The People presented no such testimony here. We therefore reverse the judgment and grant a new trial.
In light of our determination, we do not reach defendant's remaining contentions.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court